

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE THYE BONNER,<br>Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 19-CV-3191 |
| MS. MANDY SIPPLE, *et al.*,<br>Defendants. | : | |

**MEMORANDUM**

RUFE, J.                                                                AUGUST 1st, 2019

Plaintiff Eugene Thye Bonner, a prisoner incarcerated at SCI Phoenix, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, against prison officials and medical staff employed at the prison. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Bonner leave to proceed *in forma pauperis*, dismiss his claims against four Defendants, and permit him to proceed on his claims against the remaining four Defendants for deliberate indifference to his serious medical needs.

**I.      FACTS**

Bonner's Complaint raises Eighth Amendment claims based primarily on allegations that the Defendants delayed proper medical care for a broken jaw he sustained after being attacked by another inmate. He named as Defendants: (1) Mandy Sipple, identified as Deputy Superintendent for Centralized Services; (2) Correctional Officer D. Harris; (3) Sgt. Worth; (4) Nurse Ms. Jenny; (5) Sgt. Fondi; (6) Mr. Burkholder, who is identified as a dentist; (7)

1

Superintendent Tammy Ferguson; and (8) Jeanne Welsh, identified as a correctional healthcare administrator.[1] Bonner seeks compensatory and punitive damages.

Bonner alleges that on August 7, 2018, another inmate hit him in the face from behind, injuring his jaw. Bonner faults Defendant Harris for allowing the assault to occur. (Compl. at 8 & 9.)[2] Bonner was taken for medical treatment after the attack and saw Nurse Jenny. He alleges that Nurse Jenny saw that his mouth was full of blood and that he could not talk, but only gave him a cotton ball. (*Id.* at 9.) She did not provide him an x-ray or any other medical treatment. Bonner was then "put in the hole." (*Id.* at 11.)

Between August 7 and August 9, Bonner informed Defendants Worth and Fondi that he was throwing up blood, was not able to eat, and required medical attention. Bonner alleges that Worth refused to take him to the medical department and that Fondi also denied him access to medical care. Fondi did, however, provide Bonner with a dental sick call slip. It appears that Bonner was scheduled to see the dentist on August 8, but that he was not brought to the appointment; although unclear, the Complaint implies that this may have been a result of the change in his housing. Dr. Burkholder marked Bonner as a "no show" for his appointment even though Dr. Burkholder's supervisors knew Bonner was being housed in the restricted housing unit. (*Id.* at 12.) Rather, on August 8, Bonner saw Sipple, the Supervisor of the Medical Department, apparently in connection with a review of his housing, and reported to her that he was not able to eat, was throwing up blood, and required medical attention. (*Id.* at 14.) Bonner

---

[1] To the extent the Complaint discusses other individuals, the Court does not understand Bonner to be bringing claims against those individuals, as he has not identified them as Defendants or clearly stated any claims against them.

[2] The Court adopts the pagination supplied by the CM-ECF docketing system.

2

alleges that Sipple "failed to investigate enough to make an informed judgment" about his need for medical care. (*Id.*)

On August 9, Bonner was taken for a dental visit with Dr. Burkholder and Dr. Kolber, another dentist. Bonner received an x-ray at that point, although it is unclear whether Dr. Burkholder or Dr. Kolber administered the x-ray. (*Compare id.* at 11 *with id.* at 14.) Bonner alleges that Dr. Burkholder threw Bonner's dental sick slip in the air, reviewed his prison housing file, and "started yelling at everybody in the dentist office and on the phone." (*Id.* at 11; *see also id.* at 15.) Bonner alleges that Dr. Burkholder "knew [his] medical need was serious and fail[ed] to report." (*Id.* at 11.) However, on the same day, August 9, Bonner was rushed to the hospital.

At the hospital, Bonner received surgery for a fractured lower jaw. His jaw was wired shut for thirty-four days. He required a second surgery to remove the wire. Bonner's jaw now cracks, he has difficulty biting hard food, and he requires therapy to learn how to move his jaw to properly speak and chew. Bonner alleges that he is being denied those therapy services, (*id.* at 10), and appears to fault Sipple and Welsh for that failure. (*Id.* at 12 & 16.) He also claims that Welsh failed to investigate his claims, train her staff, or properly respond to his grievances, (*id.* at 16), and that Ferguson "fail[ed] to correct the wrong and unconstitutional conduct by defendants in this claim." (*Id.* at 12.) Bonner attached to his Complaint copies of grievances he filed related to the events of August 7 through August 9.

3

## II. STANDARD OF REVIEW

The Court grants Bonner leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Bonner is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Bonner has failed to state a claim against Harris, Dr. Burkholder, Ferguson and Welsh. However, he will be permitted to proceed on his claims against the remaining Defendants for deliberate indifference to his serious medical needs during the time period from August 7 through August 9.

---

[3] However, as Bonner is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

4

### A. Claims Against Harris

The Court understands Bonner's claims against Harris to be based on a theory that Harris failed to protect him from the assault by another inmate. To state an Eighth Amendment claim for failure to protect, a plaintiff must sufficiently allege that prison officials were deliberately indifferent to his health or safety.[4] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The entire basis for Bonner's claims against Harris is that Harris allowed another inmate to attack him. (*See* Compl. at 8-9.) However, Bonner does not provide sufficient allegations about how the attack came about, what Harris was in a position to see or do, or what Harris did or did not do in connection with the attack to "allow" it. Without additional factual allegations, Bonner's failure to protect claim against Harris is not plausible. *See Knox v. Doe*, 487 F. App'x 725, 728 (3d Cir. 2012) (per curiam) (affirming dismissal of complaint where "even if the prison guards were present during the attack, no facts indicate that they had a realistic and reasonable opportunity to intervene" (internal quotations omitted)); *Carter v. Lawler*, 446 F. App'x 420, 423 (3d Cir. 2011) (per curiam) (affirming dismissal of failure to protect claims where "[t]here is no suggestion that the Defendants had any prior warning or knowledge that Carter might be involved in an altercation with Nguyen, or that they were aware that Carter's cell door was unlocked"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because

---

[4] The Complaint indicates that Bonner is a convicted and sentenced prisoner, (Compl. at 8), so the Eighth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

5

the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Accordingly, the Court will dismiss Bonner's claims against Harris.

### B. Claims Against Nurse Jenny, Worth, Fondi, and Sipple Based on Events Between August 7 and August 9

The crux of Bonner's Complaint is that the Defendants were deliberately indifferent to his serious medical needs by refusing to provide care and/or delaying care for his broken jaw for two days when they allegedly were aware of the need for such care. To state an Eighth Amendment claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer*, 511 U.S. at 835. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst'l Inmates v Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). However, allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Additionally, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236.

6

Bonner alleges that at various times between August 7 and August 9, he informed Nurse Jenny, Worth, Fondi, and Sipple that his mouth was full of blood, that he could not eat, and that he required medical attention for his jaw. Liberally construing the Complaint, Bonner has alleged facts suggesting that these Defendants observed and/or were aware of his injuries and the extent of those injuries, and either did not provide medical treatment or did not provide the treatment that Bonner claims was required. Liberally construing the Complaint and taking all inferences as true as the Court is obligated to do at this early stage of the litigation, Bonner has alleged sufficient facts to proceed on his claims against these four Defendants as to his need for medical treatment between August 7 and August 9 related to his jaw. To the extent Bonner raises other claims against Sipple, they are addressed below.

### C. Claims Against Dr. Burkholder

Bonner has failed to state a claim against Dr. Burkholder for deliberate indifference to his serious medical needs. Bonner's claims against Dr. Burkholder are based on his allegation that Dr. Burkholder marked him as a "no show" for his August 8 appointment and that during his August 9 visit, Dr. Burkholder threw his dental sick call slip in the air and yelled at other employees in the office and on the phone. Those allegations do not support a claim that Dr. Burkholder was deliberately indifferent to Bonner's serious medical needs. Bonner appears to be suggesting that Dr. Burkholder's supervisors knew where he was housed and should have arranged for his transport to ensure he was present for his August 8 visit. However, he does not allege facts illustrating that Dr. Burkholder is plausibly responsible for any such failure. All Dr. Burkholder is alleged to have done is mark in the records that Bonner was not present. Nothing suggests that Dr. Burkholder knew Bonner required immediate medical attention at that point or

7

that he was responsible for delaying any care. Furthermore, the facts alleged by Bonner indicate that he was rushed to the hospital after his dental visit with Dr. Burkholder.

Although Bonner alleges that Dr. Burkholder "knew [his] medical need was serious and fail[ed] to report," (Compl. at 11), that allegation is conclusory and is not supported by any factual allegations. Rather, as noted above, it appears that Bonner was rushed to the hospital for medical treatment as a result of his visit with Dr. Burkholder, regardless of the doctor's conduct during the visit. In sum, the Complaint as pled does not provide a plausible basis for concluding that Dr. Burkholder was deliberately indifferent to Bonner's serious medical needs.

### D. Claims Against Ferguson and Welsh and Remaining Claims Against Sipple

"A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable . . . ." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted). The Court understands Bonner to be raising claims against Ferguson, Welsh, and Sipple based on their supervisory positions at SCI Phoenix. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Apart from the allegations against Sipple discussed above, *supra* § III.B, Bonner has not alleged facts establishing that these Defendants violated his constitutional rights by maintaining an unconstitutional policy or failing to train their staff in a manner reflective of deliberate indifference. Indeed, "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train" and no such pattern is alleged here. *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (internal quotations omitted). Furthermore, to the extent Bonner's claims against these Defendants is based on his dissatisfaction with the manner in which they handled his grievances and their failure to investigate the events of August 7 through 9 in the aftermath of those events, these claims also fail. *See Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015) (per curiam) ("Merely responding to or reviewing an inmate grievance does not rise to the level of personal involvement necessary to allege an Eighth Amendment deliberate indifference claim."); *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam) (explaining that "[p]rison inmates do not have a constitutionally protected right to a grievance process"); *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (quotations omitted)).

Bonner also appears to be alleging that Sipple and Welsh are responsible for the fact that he has not received therapy services for his jaw as apparently directed by the doctor who discharged him from the hospital. However, Bonner has not pled sufficient facts to plausibly explain how those two Defendants are responsible for this failure as a result of their deliberate indifference. In other words, as pled, the Complaint does not support a plausible claim for

9

deliberate indifference against these Defendants based on any failure to provide Bonner with therapy services for his jaw when he returned from the hospital.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Bonner leave to proceed *in forma pauperis*, and dismiss his claims against Harris, Dr. Burkholder, Ferguson, Welsh, and Sipple with the exception of Bonner's claim that Sipple was deliberately indifferent to his serious medical needs in connection with the events of August 7 through 9. Those claims, however, are dismissed without prejudice to Bonner filing an amended complaint in the event he seeks to amend those claims. If he chooses not to file an amended complaint, the Court will direct service on Defendants Nurse Jenny, Worth, Fondi, and Sipple so that he may proceed at this time on his deliberate indifference claims as related to the events of August 7 through 9 as discussed in § III.B of this Memorandum. The Court will withhold ruling on Bonner's Motion for Appointment of Counsel until it is clear whether he is filing an amended complaint or proceeding with his remaining claims. An appropriate Order follows.

BY THE COURT:

CYNTHIA M. RUFE, J.